CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAR 11 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| NANCY SYDNOR, | CASE NO. 4:09CV00025 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | By: B. Waugh Crigler |
| | U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's March 16, 2006 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on April 27, 2007, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, February 8, 1999, and that she met the insured status requirements under the Act

through December 31, 2005[1]. (R. 17.) The Law Judge determined plaintiff suffered physical and mental severe impairments, but that she did not have an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*) The Law Judge found that plaintiff maintained the residual functional capacity ("RFC") to lift ten pounds occasionally and five pounds frequently, but that she requires the ability to stand at her worksite from time to time, and that she has mental limitations of function. (R. 18.) Specifically, the plaintiff was moderately limited in her abilities to (1) understand and remember detailed instructions, (2) carry out detailed instructions, (3) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, (4) interact appropriately with the general public, and (5) get along with coworkers or peers without distracting them or exhibiting behavior extremes. (*Id.*) The Law Judge further found that plaintiff experienced pain of sufficient severity to be noticeable to her at all times, but that she was able to carry out those matters assigned to her within the foregoing limitations. (*Id.*) The Law Judge was of the belief that plaintiff's RFC precluded her from performing her past relevant work[2], but that other jobs existed in significant numbers in the national economy that she can perform. (R. 24-25.) The Law Judge ultimately found she was not disabled under the Act. (R. 26.)

Plaintiff appealed the Law Judge's April 27, 2007 decision to the Appeals Council. (R.

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of his insured status, December 31, 2005. *See* 20 C.F.R. § 404.131(a). Therefore, any evaluation of the plaintiff's disability following that date relates solely to her claim for SSI benefits.

[2] Plaintiff's past relevant work included that of an elementary school teacher, Navy exchange cashier, and convenience store clerk. (R. 24.)

2

6-8.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In her motion for summary judgment, plaintiff initially argues that the Law Judge failed to consider relevant medical evidence dated from 1999 to 2006. (Pl's Brief, p. 34.) Specifically, plaintiff contends that the Law Judge failed to consider findings from a functional capacities evaluation by Edward Sandgran, PT on July 10, 2001 as well as an examination by Gonzalo Fernandez, M.D. on November 21, 2003. (Pl's Brief, pp. 34-35.) Plaintiff argues that this evidence established she possessed limitations on bending, squatting, kneeling, crawling, pushing and pulling. (Pl's Brief, p. 34.)

Edward Sandgran, a physical therapist[3], performed a Functional Capacity Evaluation on plaintiff on July 10, 2001. (R. 191-216.) In the relevant portion of his findings, Sandgran opined

---

[3]A physical therapist, while not an acceptable medical source under the regulations, is qualified to give an opinion regarding the severity of an impairment and the extent to which it impacts a claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1).

3

that plaintiff should "never" engage in bending, squatting, kneeling, and crawling. (R. 193.)

Although plaintiff argues that Sandgran's opinion supports her claim that she should never engage in bending, squatting, kneeling, and crawling, it is not born out by Sandgran's full evaluation. Rather, Sandgran reported that plaintiff exhibited sub-maximal efforts and that her true functional ability was left to conjecture. (R. 191.)

Plaintiff also refers to an opinion offered by Dr. Fernandez. Dr Fernandez, a physician with the Virginia Department of Rehabilitative Services, evaluated plaintiff on November 20, 2003. (R. 243-246.) He, too, reported that plaintiff had limitations on bending, stooping and crouching. (R. 246.) These limitations are not supported by the record.

Following lumbar decompression and fusion for a herniated disc and discogenic back pain on December 12, 2000, plaintiff made remarkable progress. Carl P. Giordano, M.D., plaintiff's treating source, opined that, three months post surgery, plaintiff could return to light duty work with no stated limitations on bending, stooping, or crouching. (R. 179.) Four months post surgery, the physician opined only that plaintiff had the ability to lift up to forty pounds. (R. 177.) Just six months after her surgery, plaintiff was ambulating without a limp, no longer taking any medications, and indicated to Dr. Giordano that she had experienced an 80% improvement. (R. 175.) Seven months post surgery, Dr. Giordano noted that plaintiff continued to ambulate without a lip and remained off all medications. (R. 173.) The physician opined that plaintiff's prognosis was good, and that she had reached maximum medical improvement. (*Id.*)

The opinions of the State agency record reviewing physician Robert R. Chaplin, M.D. also contradict Dr. Fernandez's findings. He opined on two occasions that plaintiff maintained the RFC to, at least, occasionally perform balancing, stooping, kneeling, crouching and crawling.

(R. 265-272, 450-456.)

Next, plaintiff contends that the Law Judge failed to "adequately" address whether her back impairment met or equaled § 1.04[4] of the Listings, 20 C.F.R. Part 4, Appendix 1. (Pl's Brief, pp. 35-37.) Plaintiff contends that the "naked" decision that she did not meet Listing § 1.04 is contrary to applicable caselaw, specifically *Schoofeild v. Barnhart*, 220 F.Supp.2d 512 (D. Md. 2002). Plaintiff argues that this was especially prejudicial to her because the evidence is clear that she suffered the type of spinal disorder contemplated by Listing §1.04. The undersigned disagrees.

*Schoofeild* is distinguishable from the instant case. There, the Law Judge made the "sweeping, naked conclusion" that the plaintiff's condition did not meet or equal a listing without referencing evidence relied upon to make the finding and *without identifying the listing*

---

[4]Section 1.04 of the Listings refers to disorders of the spine with:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Part 4, Appendix 1, § 1.04

5

*purportedly considered.* 220 F.Supp.2d at 520. Here, the Law Judge specifically found that plaintiff's impairment did not meet or equal Listing § 1.04.

Although plaintiff has failed to allege specifically which subpart of Listing § 1.04 she claims her impairment meets or equals, there is substantial evidence to support the Law Judge's finding. As noted by plaintiff, she underwent a lumbar decompression and fusion procedure for a herniated disc and discogenic back pain in 2000. However, as noted above, Dr. Giordano, plaintiff's treating source, found that plaintiff made remarkable progress, achieved maximum improvement, and possessed the ability to lift up to forty pounds. An orthopedic examination conducted by Sreedevi Menon, M.D. on April 17, 2003 further supports Dr. Giordano's findings that plaintiff did not suffer a disabling spinal condition. (R. 227-229.) Dr. Menon opined that plaintiff suffered with low back pain, but that the condition only "mildly impaired" her ability to engage in activities requiring lifting, carrying, and handling objects. (R. 229.)

Finally, plaintiff argues that the Law Judge failed to give proper weight to what she considers credible subjective complaints of pain. (Pl's Brief, pp. 37-40.) Plaintiff further argues that the record reveals that she has a medical condition which is likely to produce pain, and that there is objective medical evidence which supports her claims regarding the degree of her pain and its impact on her RFC. (Pl's Brief, p. 40.)

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig v. Chater,* 76 F.3d 585, 591 (4th Cir.1996); *Johnson v. Barnhart,* 434 F.3d 650, 657 (4th Cir.2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig,* 76 F.3d at 591; *Johnson,* 434 F.3d at 657.

Social Security Ruling ("SSR") 96-7p establishes a two-step process for evaluating or assessing a claimant's statements about his or her symptoms. Initially, the Law Judge must determine whether there is an underlying medically determinable impairment which could be expected to produce the symptoms alleged by the claimant. Once such an underlying medically determinable impairment has been found, the Law Judge must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to perform basic work activities. When the claimant's statements about the intensity, persistence, or functionally limiting effects of the symptoms are not supported by substantial objective medical evidence, the Law Judge must evaluate the claimant's credibility based on the entire record.

The Law Judge found that plaintiff's medically determinable impairments could reasonably be expected to produce her alleged symptoms and that her statements concerning the intensity, persistence and limiting effects of these symptoms, were largely, but not entirely, credible. (R. 21.) This finding is supported by substantial evidence.

Plaintiff's allegations of disabling pain are contradicted by other evidence in the record. As noted above, Dr. Giordano's medical notes made during the course of her treatment reveal that plaintiff made remarkable progress following her lumbar decompression, achieved maximum medical improvement, was not taking pain medication just months after the surgery, and was cleared to return to work. (R. 172-173, 175, 177.) The record further reveals that both treating and evaluating sources found elaboration and magnification of symptomology and possibly a psychosomatic component to her pain. (R. 189, 396.) Finally, plaintiff's daily activities do not suggest that she suffers disabling pain. For instance, plaintiff reported on May

26, 2006 that she was walking on a daily basis for about half a mile. (R. 468, 471.)

While the undersigned may not have reached the same conclusion about plaintiff's RFC as the Law Judge made at the administrative level, there is substantial evidence to support his findings and conclusions in this case. For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

3-11-10
Date